THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WILLIAM SHADELL AND STEVEN SHISLER, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**                              **PLAINTIFFS**

vs.                                        No. 5:17-cv-133

**CUDD PUMPING SERVICES, INC.; AND
CUDD PRESSURE CONTROL, INC.;**
EACH INDIVIDUALLY AND COLLECTIVELY D/B/A
**CUDD ENERGY SERVICES**                                                **DEFENDANTS**

## ORIGINAL COMPLAINT– COLLECTIVE ACTION

COME NOW Plaintiffs William Shadell and Steven Shisler ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint–Collective Action against Defendants Cudd Pumping Services, Inc., and Cudd Pressure Control, Inc. (hereinafter collectively "Cudd" or "Defendants"), and in support thereof, do hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.  Plaintiffs bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendants' policy and practice of failing to pay Plaintiffs overtime compensation for the hours in excess of forty hours in a single week that he was made to work.

2.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiffs within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Plaintiffs worked for Defendants in this District.

## III. THE PARTIES

5. Plaintiff William Shadell is an individual and resident of Faulkner County, Arkansas.

6. At all times relevant to this Complaint, Shadell was employed by Defendants as a Supervisor and was misclassified as salaried and non-exempt from the requirements of the FLSA.

7. Plaintiff Steven Shisler is an individual and resident of Victoria County, Texas.

8. At all times relevant to this complaint, Shisler was employed by Defendants as a Supervisor and was misclassified as salaried and non-exempt from the requirements of the FLSA.

9. Cudd Pumping Services, Inc., is a corporation organized under the laws of Delaware and may be served through its registered agent for service of process, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

10. Cudd Pressure Control, Inc., is a corporation organized under the laws of Delaware and may be served through its registered agent for service of process, The Prentice-Hall Corporation System, Inc., at 2711 Centerville Road, Suite 400, Wilmington Delaware 19808.

11. Cudd Energy Services is the name for the "integrated oil and gas field service provider" compromised of Cudd Pressure Control, Inc., and Cudd Pumping Services, Inc.[1]

## IV. FACTUAL ALLEGATIONS

12. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

13. Within three years prior to the filing of this case, Defendants hired Plaintiffs to perform duties as a Supervisor.

14. At all times hereinafter mentioned, Defendants have been an employer and enterprise engaged in commerce within the meaning of the FLSA. Defendants have employees engaged in interstate commerce.

15. Defendants have an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§ 206-207.

16. Defendants are an oilfield services provider, "with over 2,000 employees in more than 60 market," and with 'service capabilities includ[ing] stimulation, coiled tubing, e-coil, hydraulic workover, nitrogen, slickline/braided line, electric line, industrial nitrogen, water management, well control, and special services." Defendants have

---

[1] "Cudd Energy Services" website; http://www.cuddenergyservices.com/about.html; last accessed February 10, 2017.

Page 3 of 10
William Shaddell et al. v. Cudd Pumping Services, Inc. et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133
Original Complaint—Collective Action

locations in Texas, Louisiana, and various other places where shale drilling is profitable.

17. Plaintiffs were employed by Defendants as Supervisors within the statutory time period.

18. As manual laborers, Plaintiffs' duties consisted largely of working hands-on with equipment used in oil field operations such as a crane or a sledgehammer.

19. In all weeks in which Plaintiffs performed manual labor, Defendants paid Plaintiffs a salary.

20. Defendants paid Plaintiffs no overtime premium for weeks in which Plaintiffs worked more than forty hours per week.

21. Plaintiffs worked more than forty hours per week on a regular, typical basis while working for Defendants.

22. Plaintiffs sometimes worked up to eighty (80) hours in a week.

23. Defendants did not require Plaintiffs to have any professional education relevant to his job duties as a prerequisite to employment.

24. Plaintiffs were classic blue-collar workers, spending their physical, demanding, long shifts outdoors in the elements, and not in an office.

25. Defendants provided Plaintiff Shadell with a 2010 Ford F250 pick-up truck that he was required to drive to and from the job sites, sometimes crossing state lines.

26. During the course of his employment, Plaintiffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

27. Plaintiffs did not select any employees for hire nor did they provide any formal training for any employee.

28. Plaintiffs had no ability to hire and fire any employees.

29. Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

30. Defendants knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

31. Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Supervisors.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint above, as if fully set forth herein.

33. Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) fo the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who worked as Supervisors employed by Defendants and who were improperly misclassified as exempt from payment of the overtime premium at any time within the three years prior to the filing of this lawsuit, who are entitled to payment for overtime wages that Defendants failed to pay due to the intentional misclassification of Supervisors.

34. Plaintiffs are unable at this time to state the exact number of the class but believe that the class membership exceeds 30 persons. Defendants can readily identify the members identify the members of the class, who are a certain portion of the current and former employees of Defendants.

35. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided

to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

36. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

37. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

38. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A. Defendants' uniform misclassification of them as exempt employees under the FLSA; and

B. Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

39. Defendants employed Supervisors other than Plaintiffs who performed manual labor and equipment operation services.

40. Supervisors other than Plaintiffs did not financially invest in the company.

41. Supervisors other than Plaintiffs did not share in the profits or losses of the company.

42. Defendants employed Supervisors other than Plaintiffs who worked more than forty (40) hours in at least one workweek during the relevant time.

43. Defendants failed to pay one or more Supervisors other than Plaintiffs one and one-half times their regular rate for all hours worked over forty in a workweek.

44. Supervisors other than Plaintiffs had no control over their work environment.

45. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants that violated the FLSA, including Defendants' failure to pay Supervisors other than Plaintiffs overtime compensation in violation of the FLSA, 29 U.S.C. § 207.

46. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

**All Supervisors (or similar positions) employed by Defendants in the past (3) years.**

47. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

48. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least thirty (30) putative class members have worked for Defendant without appropriate overtime pay, as described herein, throughout the applicable statutory period.

## VI.  FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

49. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint above, as fully set forth herein.

50. Defendants intentionally misclassified Plaintiffs as exempt from overtime compensation.

51. Defendants deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

52. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

53. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

54. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of the FLSA)

55. Plaintiffs repeat and re-allege all the preceding paragraphs of the Complaint above, as if fully set forth herein.

56. Defendants failed to pay Supervisors other than Plaintiffs overtime wages required under the FLSA.

57. Defendants' conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendants are liable to Supervisors other than Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs William Shadell and Steven Shisler respectfully pray for declaratory relief and damages as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

F. An order directing Defendants to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**WILLIAM SHADDELL and STEVEN SHISLER, Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: /s/ Josh Sanford
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com