# EXHIBIT 1

| | | |
|---|---|---|
| **WILLIAM SHADELL and STEVEN SHISLER, Individually and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiffs** | § § | **NO. 5:17-CV-00133-FB** |
| **vs.** | § § | |
| **CUDD PUMPING SERVICES, INC. and CUDD PRESSURE CONTROL, INC.,** | § § § | |
| **Defendants.** | § § § § § | |

## DECLARATION OF PEGGY LAUGHLIN

I, Peggy Laughlin, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based upon my personal knowledge:

1.    I am a Human Resources Administrator for RPC, Inc.  I make this declaration in support of Cudd Pumping Services, Inc. and Cudd Pressure Control, Inc.'s[1] (hereinafter collectively "Cudd") Motion to Dismiss and Compel Arbitration.  All of the information set forth herein is based on my personal and first-hand knowledge, and/or based on documents created and kept, and practices conducted, in the regular course of Cudd's business.  If called and sworn as a witness, I could and would competently testify thereto.

2.    Cudd is an oil and gas field service provider with over 2,000 employees in more than 60 markets, located across North America and selected international markets.  Cudd's operations expand throughout the United States, serving customers in and from many states, and

---

[1] Cudd Energy Services is not a proper legal entity and is merely a marketing name.

using interstate transportation and communication to run its business. Cudd's service capabilities include stimulation, coiled tubing, e-coil, hydraulic workover, nitrogen, slickline/braided line, electric line, industrial nitrogen, water management, well control, and special services.

3.      As a Human Resources Administrator for RPC, Inc., one of my responsibilities is to act as records custodian for Cudd's personnel records. I have reviewed and am familiar with Steven Shisler's ("Mr. Shisler") personnel documents.

4.      Mr. Shisler worked as a Service Supervisor in Cudd's location in Corpus Christi, Texas from November 2, 2015 until his resignation on or about September 14, 2016.

5.      During his employment, on or about May 2, 2016, Mr. Shisler was provided with a copy of the Mutual Agreement to Arbitrate Claims ("the Agreement") and he signed it to indicate he agreed with the terms. After signing and accepting the terms of the Agreement, Mr. Shisler continued to work for Cudd until his resignation on or about September 15, 2016. A true and correct copy of the Agreement with Mr. Shisler's signature is attached as <u>Exhibit A</u>. The signed Agreement is maintained in Mr. Shisler's personnel file. It was created at or near the time of the events descried therein by, or from information by, a person with knowledge. This signed Agreement was kept in the regular course of Cudd's business and it is a regular business practice of Cudd to make this record.

I declare under penalty of perjury that the foregoing is true and correct.

Signed at: ___Houma___, Louisiana, on the 5th day of April, 2017.

_____
Peggy Laughlin

# EXHIBIT A

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Mutual Agreement to Arbitrate Claims ("Agreement") is between Employee (as identified in the signature block below) and RPC, Inc. ("EMPLOYER"). Any reference to EMPLOYER also means its parent companies, direct and indirect subsidiaries, affiliates, and all successors and assigns of any of them and specifically includes the entity(ies) that employed or employs Employee and/or that Employee has applied or applies for employment with, including but not limited to Patterson Services, Inc., Cudd Energy Services, Inc., Cudd Pumping Services, Inc., Cudd Pressure Control, Inc., Bronco Oilfield Services, Inc., Thru Tubing Solutions, Inc., Chippewa Sand Company, LLC, and International Training Services, Inc. (which does business as "Well Control School"), all of which may enforce and are bound by this Agreement. The Federal Arbitration Act (9 U.S.C. 1 et seq.) ("FAA") governs this Agreement, which evidences a transaction involving commerce. ALL DISPUTES COVERED BY THIS AGREEMENT SHALL BE DECIDED BY AN ARBITRATOR THROUGH MANDATORY BINDING ARBITRATION AND NOT BY WAY OF COURT, JURY TRIAL, OR ANY OTHER ADJUDICATORY PROCEEDING.

1. **Covered Claims/Disputes.** Except as otherwise provided in this Agreement, this Agreement applies to any and all disputes, past, present or future, that may arise between Employee and EMPLOYER, including without limitation any dispute arising out of or related to Employee's application for employment, employment, separation of employment with EMPLOYER, and/or events occurring after separation and survives after the employment relationship terminates. This Agreement applies to a covered dispute that EMPLOYER may have against Employee or that Employee may have against EMPLOYER or its officers, directors, shareholders, members, owners, employees, managers, agents, and attorneys.

   This Agreement to arbitrate applies to all claims between the parties, except as excluded in Paragraph 2 below. The Agreement applies, without limitation, to claims based upon or related to discrimination, harassment, retaliation, defamation (including post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, personal injury, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, wages or other compensation claimed to be owed, meals and rest periods, termination, tort claims, equitable claims, and all statutory and common law claims unless specifically excluded below. The Agreement specifically covers, without limitation, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981, the Americans With Disabilities Act, the Worker Adjustment and Retraining Notification Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Labor Standards Act, the Fair Credit Reporting Act, the Equal Pay Act, the Genetic Information Non- Discrimination Act, all as amended from time to time, and state or local statutes, if any, addressing the same or similar subjects.

   Additionally, the Arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement. However, the preceding sentence shall not apply to the "Class Action Waiver" described in Section 3 below. Regardless of anything else in this Agreement and/or the American Arbitration Association ("AAA") rules or procedures, any disputes as to the interpretation, applicability, enforceability or formation of the Class Action Waiver may only be determined by a court and not an arbitrator.

2. **Excluded Claims/Disputes.** Nothing in this Agreement, including the Class Action Waiver below, prevents Employee from joining, opting into, or participating in a pending class or collective action to which Employee is a member of the purported class as of the date Employee signs this Agreement. This Agreement does not apply to claims for worker's compensation, state disability insurance and unemployment insurance benefits; however, it does apply to retaliation claims based upon seeking such benefits. This Agreement does not apply to claims for employee benefits under any benefit plan covered by the Employee Retirement Income Security Act of 1974 or funded by insurance. The Agreement does not apply to any claim that an applicable federal statute expressly states cannot be arbitrated. Additionally, both Employee and EMPLOYER may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy; however, all determinations of final relief shall be decided in arbitration.

   Nothing in this Agreement prevents the making of a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, Securities Exchange Commission, National Labor Relations Board, or Office of Federal Contract Compliance Programs. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in Arbitration.

3. **Class Action Waiver.** Employee and EMPLOYER agree to bring any claim or dispute in arbitration on an individual basis only, and not as a class or collective action; Employee and EMPLOYER waive any right for a dispute or claim to be brought, heard, or decided as a class or collective action, and the arbitrator has no power or authority to preside over a class or collective action ("Class Action Waiver").

4. **Initiating Arbitration.** A party who wishes to arbitrate a claim must make a written Request for Arbitration and deliver it to the other party by hand or mail no later than the expiration of the statute of limitations that applicable law prescribes for the claim. Any Request for Arbitration should be delivered to EMPLOYER's registered agent for service of process in the state in which the arbitration is to be convened or EMPLOYER's General Counsel or Senior Director of Human Resources, 2828 Technology Forest Blvd., The Woodlands, Texas 77381. Any Request for Arbitration to Employee shall be provided to the last home address Employee provided to EMPLOYER. The Request for Arbitration shall identify the claims asserted, the factual basis for the claim(s), and the relief and/or

remedy sought. The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the Request for Arbitration and apply the statute of limitations that would have applied if the claim(s) had been brought in court.

5. **Arbitrator Selection.** An arbitrator shall be selected by the mutual agreement of the parties. In the event the parties cannot agree to an arbitrator, they shall proceed to arbitration before a single arbitrator under the auspices of the AAA and the then current AAA Employment Arbitration Rules (the AAA Rules are available through EMPLOYER's Human Resources department and website or the AAA's website (www.adr.org)), provided, however, that if there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern. Unless the parties mutually agree otherwise, the Arbitrator shall be either an attorney who is experienced in employment law and licensed to practice law in the state where the arbitration will take place or a former judge from any jurisdiction. If the parties proceed to arbitration under the AAA, the Arbitrator shall be selected as follows: AAA shall give each party a list of seven (7) arbitrators drawn from its panel of arbitrators. Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list he/she/it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately, with the Claimant striking first, until only one remains and that person shall be designated as the Arbitrator. If no common name remains on the lists of all parties, AAA shall furnish an additional list of seven (7) arbitrators from which the parties shall strike alternately until only one name remains, with the party to strike first determined by a coin toss. That person shall be designated as the Arbitrator. If a person selected cannot serve, the selection process shall be repeated.

6. **Rules/Standards Governing Proceeding.** The Arbitrator may award any remedy available under applicable law, but remedies shall be limited to those that would be available to a party in their individual capacity for the claims presented to the Arbitrator. The Arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted. The Arbitrator is without authority to apply any different substantive law. The location of the arbitration proceeding shall be in the county where the Employee last worked for EMPLOYER, unless each party agrees otherwise. The Arbitrator has the authority to entertain a motion to dismiss and/or a motion for summary judgment and shall apply the standards for such motions under the Federal Rules of Civil Procedure. The Federal Rules of Evidence shall apply to the proceeding. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. A court of competent jurisdiction shall have the authority to enter judgment upon the Arbitrator's decision/award.

The parties have the right to conduct adequate civil discovery and present witnesses and evidence as needed to present their cases and defenses, and any dispute in this regard shall be decided by the Arbitrator. Each party shall have the right to subpoena witnesses and documents, including documents relevant to the case from third parties. Each party shall have the right to take the deposition of two (2) individual fact witnesses and any expert witness designated by another party. Each party shall have the right to propound one (1) set of written interrogatories (not to exceed ten (10) interrogatories) and one (1) set of request for production of documents (not to exceed twenty-five (25) requests) to any party. Each party can request that the Arbitrator allow additional discovery, and additional discovery may be conducted by agreement or as ordered by the Arbitrator. At least thirty days before the final hearing, the parties must exchange a list of witnesses and copies of all exhibits to be used at the hearing.

7. **Costs/Fees Associated with Arbitration.** Each party will pay the fees for his/her/its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. Unless otherwise prohibited by law, the Claimant shall be responsible for paying an initial filing fee of $200 or an amount equal to the applicable filing fee had the claim been brought in a court of law, whichever is less. EMPLOYER will pay the Arbitrator's fees and any fee for administering the arbitration.

8. **Employment Status.** Employee acknowledges that this Agreement does not alter his/her "at-will" employment status unless the Employee and EMPLOYER have entered into a separate written employment agreement specifying a term of employment which is signed by both parties.

9. **Entire Agreement/Severability.** This is the complete agreement relating to the resolution of disputes covered by this Agreement. If any portion of this Agreement is deemed unenforceable, the unenforceable provision or language shall be severed from the Agreement and the remainder of the Agreement will be enforceable. Notwithstanding any contrary language, if any, in any EMPLOYER policy or Handbook, this Agreement may not be modified or terminated absent a writing signed by both parties.

**AGREED:**

Employee Signature: Steven Shisler  Date : 05/02/2016

RPC - Mutual Arbitration Agreement UPDATED signed ~~by Steven Shisler~~ 05L02I 2016
Date:05/02/2016 IP Address 63.123.68.225

_Tanya King_
SIGNATURE OF AUTHORIZED EMPLOYER REP.

_Sr. Dir HR / Employment Counsel_
TITLE OF EMPLOYER REP