IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WILLIAM SHADELL and STEVEN SHISLER,**
Individually and on Behalf of All
Others Similarly Situated                                **PLAINTIFFS**

vs.                         No. 5:17-cv-133-FB

**CUDD PUMPING SERVICES, INC.; and
CUDD PRESSURE CONTROL, INC.;**
Each individually and collectively d/b/a
**CUDD ENERGY SERVICES**                             **DEFENDANTS**

## RESPONSE TO RULE 12(B)(6) MOTION TO DISMISS

### I. INTRODUCTION

The Rule 12(b)(6) Motion to Dismiss filed by Defendants Cudd Pumping Services, Inc., and Cudd Pressure Control, Inc., each individually and collectively d/b/a/ Cudd Energy Services, ECF No. 7 ("Motion"), must be denied. Courts must take the facts alleged in a complaint as true, and a plaintiff need only allege facts that are sufficient to state a claim that is plausible on its face, which Plaintiffs have done here. Although Defendants have not set forth any factual or legal basis for dismissal of any part of Plaintiffs' Original Complaint – Collective Action, in the event that this Court determines otherwise, Plaintiffs respectfully request the opportunity to amend their pleadings to more extensively plead their claims.

Page 1 of 10
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Rule 12(b)(6) Motion to Dismiss

## II. BACKGROUND

On February 20, 2017, Plaintiffs William Shadell and Steven Shisler filed their Original Complaint – Collective Action (hereinafter "Complaint"), alleging that they were employed by Defendants as Supervisors and that they were not paid overtime for hours worked in excess of forty (40) per week. ECF No. 1, ¶ 6, 8, 13, 20.

On March 17, 2017, Defendants filed an Unopposed Motion to Extend Deadline to Respond to Plaintiffs' Original Complaint. ECF No. 4. This Court then entered an Order extending the response deadline to April 5, 2017. ECF No. 5. Defendants filed two Motions to Dismiss on April 5, 2017, including Defendant's Motion to Dismiss at issue herein. ECF Nos. 6 and 7. Plaintiffs twice filed unopposed motions for additional time to respond to the motions to dismiss so the parties could attempt to reach an agreement on the motions or a settlement agreement, both of which were granted. ECF Nos. 8, 10, 11, 12. The second extension allowed Plaintiffs until June 19, 2017, to file responses. ECF No. 12. The parties used the additional time to seek an amicable resolution of the claims, but they were unable to reach an agreement.

## III. LEGAL STANDARD FOR MOTION TO DISMISS

On a F.R.C.P. 12(b)(6) motion, the Court considers all facts alleged in the complaint as true and construes the pleadings in a light most favorable to the plaintiff. *Paselk v. Tex.*, 2013 U.S. Dist. LEXIS 127420, *14 (E.D. Tex. June 6, 2013). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires more than labels and conclusions or "a formulaic recitation of the elements of a cause of action," but does not require detailed factual allegations. *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Page 2 of 10
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Rule 12(b)(6) Motion to Dismiss

*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2), but rather, the "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41 (1957). *Hoffman v. Cemex, Inc.*, 2009 U.S. Dist. LEXIS 114130, at *4 (S.D. Tex. Dec. 8, 2009).

A claim should not be dismissed so long as there are enough facts to state a claim to relief that is plausible on its face. *Bunch v. Mollabashy*, 2015 U.S. Dist. LEXIS 38717, *13 (N.D. Tex. Mar. 26, 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at *12. Deciding whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Paselk*, 2013 U.S. Dist. LEXIS 127420 at *14.

### IV. ARGUMENT

Plaintiffs' Complaint contains sufficient factual allegations, if accepted as true, to state a claim for relief that is plausible on its face against both Defendants. In reviewing Defendants' Motion, this Court should consider all facts alleged in the Complaint as true, and should construe the Complaint in a light most favorable to Plaintiffs. Plaintiffs are entitled to the opportunity to offer evidence in support of their claims, and Defendants cannot at this time attempt to prove that Plaintiffs cannot later prove set of facts which would entitle Plaintiffs to the relief.

Page 3 of 10
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Rule 12(b)(6) Motion to Dismiss

### A. Plaintiffs' Complaint states a facially plausible claim and Plaintiffs are not required to specifically plead their dates of employment.

Plaintiffs have sufficiently pled their claims against Defendants. Defendants claim Plaintiffs failed to plead any facts regarding: (1) the dates of employment of Plaintiffs; or (2) an approximate number of hours for which they claim they were under-compensated. In making its argument, Defendants demand a level of proof not required in the Fifth Circuit. The facts pled by Plaintiffs are sufficient to support all of Plaintiffs' claims and to put Defendants on notice of Plaintiffs' claims against it. Therefore, Plaintiffs' Complaint should not be dismissed.

Defendants do not cite a single case Texas case which requires specific dates of employment for named plaintiffs or potential class members. Even the cases cited by Defendant only require a date range or time frame of employment. *England v. Adm'r s of the Tulane Educ. Fund*, 2016 WL 3902595, at *3 (E.D. La. July 19, 2016); *DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 508 (E.D.N.Y. 2011). With respect to the dates of employment, Plaintiffs assert that the violations alleged had occurred since at least the three years prior to the filing of Plaintiffs' Complaint. Complaint ¶ 2, 13. ECF No. 1. Plaintiffs' allegations cover any time within three years prior to the filing of the Complaint on behalf of themselves and the class during which Defendants failed to pay Plaintiffs overtime on all of the hours they worked over 40 per week. Complaint ¶ 33, 53. ECF No. 1. This is sufficient to provide Defendants with "fair notice" of Plaintiffs' claims against them. *Hoffman*, 2009 U.S. Dist. LEXIS 114130 at *4 ("A complaint must give the defendant fair notice of what the claim is and the grounds on which it rests.").

Page 4 of 10
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Rule 12(b)(6) Motion to Dismiss

In addition, the Fifth Circuit does not require a plaintiff to estimate the number of hours for which the plaintiff claims he or she was not properly compensated. Rather, courts in Fifth Circuit find allegations similar to those made by Plaintiffs that they worked more than forty hours per week without proper overtime compensation to meet pleading requirements and provide fair notice to the defendant. *Id*. at *9–10 ("The allegations give [the defendant] notice that the claim is one for unpaid overtime under the FLSA and that it is based on a failure to pay employees time-and-a-half for hours worked in excess of 40 per workweek."). In *Craven v. Excel Staffing Serv.*, the court found the plaintiff's basic allegations that the defendant failed to compensate her and the members of the putative class "one and half times their regular rate of pay for overtime hours in excess of forty hours per week" to be sufficient. 2014 U.S. Dist. LEXIS 11668 (S.D. Tex. Jan. 30, 2014).

In *Kidwell v. Dig. Intelligence Sys., LLC*, the plaintiff "specified the name of the employee asserting the statutory violation, the employee's job title while working for [the defendant], and the six-month time period during which he allegedly worked over forty hours without being paid time-and-a-half." 2014 U.S. Dist. LEXIS 132992, at *10 (N.D. Tex. Sep. 22, 2014). The court found that those were "all factual allegation[s]—not legal conclusions—and, if proven, they give rise to a plausible claim for relief." *Id*. at *11.[1]

Likewise, in *Qureshi v. Panjwani*, the plaintiffs' complaint alleged that the plaintiffs "did the work 'typically performed by 'hourly' paid non-exempt employees,' that they were required to work in excess of a forty-hour work week without overtime compensation, and that they were employed by the defendants." 2009 U.S. Dist. LEXIS 48142, at *10–11 (S.D. Tex. June 9, 2009). Although these allegations were extremely

---

[1] The complaint in *Kidwell* was ultimately dismissed for failure to plead sufficient facts related to FLSA coverage. 2014 U.S. Dist. LEXIS 132992 at *12–20.

Page 5 of 10
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Rule 12(b)(6) Motion to Dismiss

basic, the Court held that "[t]hese allegations are sufficient to state a claim under the FLSA." *Id.*; *see also McCollim v. Allied Custom Homes, Inc.*, 2009 U.S. Dist. LEXIS 34989, at *8 (S.D. Tex. April 23, 2009) ("The complaint…is not detailed, but it satisfies [the] Rule 8(a) requirements. McCollim essentially alleges that she and others were misclassified as independent contractors rather than employees and that they should have been paid overtime for hours worked…"); *Rodriguez v. Gold & Silver Buyers, Inc.*, 2013 U.S. Dist. LEXIS 136332, at *9 (S.D. Tex. Sep. 24, 2013) ("The complaint need not be "replete with detailed factual allegations[,]" . . . as long as it puts Defendants on notice that the claim is for unpaid overtime and minimum wages under the FLSA.").[2]

Plaintiffs have alleged that they regularly and typically worked in excess of forty hours per week, but that Defendants failed to compensate them for all of their overtime hours worked as required by the FLSA. Complaint ¶ 1, 20, 21, 42, 43, 51. ECF No. 1. Plaintiffs submit even more facts than are required, including an estimate of the range of hours per week they were required to work, how they were paid, and their job duties in support of their contention that they were non-exempt. Complaint ¶ 18-24, 26-29, 38-44. ECF No. 1. Plaintiffs' Complaint meets the pleading requirements in the Fifth Circuit.

### B.  Plaintiffs' Complaint adequately defines a collective class.

Plaintiffs' Complaint adequately defines a class of similarly situated employees. In support of their argument, Defendants attempt to mislead the Court, fail to cite a single binding case, and raise issues more appropriate for a response to a motion to

---

[2] *See also Calle v. Chul Sun Kang Or*, 2012 WL 163235, at *2 (D. Md. Jan. 18, 2012) ("Because, as a practical matter, the requirements to state such a claim 'are quite straightforward,' ...courts have found that plaintiffs satisfy this standard merely by alleging that their employers did not provide them with overtime pay even though they worked in excess of forty hours."); *Sec'y of Labor v. Labbe*, 319 Fed Appx. 761, 765 (11th Cir. 2008) (noting that, unlike complex anti-trust conspiracy claims in *Twombly*, "the requirements to state a claim of a FLSA violation are quite straightforward").

Page 6 of 10
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Rule 12(b)(6) Motion to Dismiss

certify a class. Defendants first cite to *Manning v. Boston Med. Ctr.*, representing to the Court that to proceed on a collective basis, Plaintiffs must show that similarly situated employees exist **and** that common issues of fact predominate. A cursory reading of *Manning* reveals that the conjunction used in the case is **and/or**, because predominance of common issues is not a factor to be considered in certifying a collective action pursuant to 29 U.S.C. § 216(b). It is, however, a factor to be considered in certifying a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, which was sought in *Manning* but has not been sought in this case.

Some courts do not require a plaintiff to plead facts in support of a collective action because proceeding collectively should be addressed when the plaintiffs move for conditional certification. *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 933-34 (N.D. Tex. 2014). Others, including District Courts in Texas, will consider Rule 12(b)(6) motions for collective action claims, but acknowledge that "[p]rior to certification, collective actions concern individuals who are not presently before the court and may not have communicated with the named plaintiffs' attorneys." *Id.* Therefore, the actual legal standard these courts use in evaluating a 12(b)(6) motion to dismiss collective action claims is whether the defendant received fair notice of the putative class. *Id. See also Huchingson v. Rao*, No. 5:14-CV-1118, 2015 U.S. Dist. LEXIS 48674, at *7-8 (W.D. Tex. Apr. 14, 2015).

Defendants cite *Pickering v. Lorillard Tobacco Co.*, in which a plaintiff failed to provide his own job description, as well as a job title or job description for proposed similarly situated employees, and *Landry v. Peter Pan Bus Lines, Inc.*, in which a plaintiff failed to specify the amount of similarly situated individuals, the jobs of those

Page 7 of 10
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Rule 12(b)(6) Motion to Dismiss

individuals, and the policy applied to those individuals which resulted in a violation of the FLSA. No. 2:10-CV-633-WKW[WO], 2011 U.S. Dist. LEXIS 3647, at *5-7 (M.D. Ala. Jan. 13, 2011); No. 09-11012-RWZ, 2009 U.S. Dist. LEXIS 129873, at *3 (D. Mass. Nov. 20, 2009). Here, Plaintiffs have identified both their own job title and job description and that of the alleged similarly situated Supervisors. Complaint ¶ 13, 17, 18, 24, 33, 39. ECF No. 1. Plaintiffs have also identified an approximate amount of similarly situated employees and the policy applied to those employees that violated the FLSA. Complaint ¶ 34, 38, 42, 43, 45, 48. ECF No. 1.

Plaintiff's FLSA Collective Action Allegations provide Defendants with fair notice of the putative class. As stated above, Plaintiffs are not required to provide Defendants with allegations of what hours each possible class member worked or what his or her job duties entailed. Plaintiffs seek to certify a class of "Supervisors." This job title alone is more than enough information to place Defendants on notice as to which of their employees Plaintiffs seek to include in the class and the class is sufficiently pled.

### C. Plaintiffs' Complaint adequately pleads a willful violation of the FLSA and therefore Defendants are not entitled to a two-year statute of limitations.

Plaintiffs have properly stated a claim for a willful violation of the FLSA. Defendants again rely on nonbinding case law in support of an argument which is more appropriately resolved on summary judgment. The only Fifth Circuit case cited by Defendants in support of dismissing "third-year" claims is a dismissal of a willfulness claim on a motion for summary judgment, which is inapplicable here. *See Ikossi-Anastasiou v. Bd. of Supervisors of La. State. Univ.*, 579 F.3d 546, 553 (5th Cir. 2009).

Page 8 of 10
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Rule 12(b)(6) Motion to Dismiss

If a court converts a motion to dismiss to a motion for summary judgment, then the non-moving party must be given fair notice:

> When a Rule 12(b)(6) motion is converted to a motion for summary judgment, the court must give reasonable notice that conversion is occurring so that the opposing party may "produce affirmative evidence to counter the movant's allegations or file an affidavit under Rule 56(f) requesting more time to obtain such evidence in order to resist the motion." *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011).

*Fullington v. Pliva, Inc.*, No. 4:10-cv-236-JLH, 2012 U.S. Dist. LEXIS 71589, *23-24 (E.D. Ark. May 23, 2012).[3]

Even assuming the cases cited by Defendants contain the appropriate pleading standard for willfulness, Plaintiffs allegations in this case clearly meet the requirements. A statement that employees complained about improper pay and were ignored is just one example of a factual allegation that would support a claim of willfulness. *Mell v. Gnc Corp.*, Civil Action No. 10-945, 2010 U.S. Dist. LEXIS 118938, at *26 (W.D. Pa. Nov. 9, 2010). Here, Plaintiffs pled that "Defendants knew or should have known that the FLSA applied to the operation of its oil and gas well operations as all relevant times," and that "Defendants knew or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Supervisors." Complaint ¶ 30-31. ECF No. 1. These statements are not mere legal conclusions – they are facts, found in the section of the Complaint titled "Factual Allegations." If the facts pled by Plaintiffs are taken as true, Defendants knew their Supervisors were subject to the FLSA, knew Supervisors were likely misclassified because of previous litigation, and still failed to pay overtime to Supervisors in violation of the FLSA. Therefore, Plaintiffs have sufficiently pled that Defendants knew or

---

[3] If this Court decides to treat Defendants' Motion as a motion for summary judgment, Plaintiffs ask for official and sufficient notice so that they may respond appropriately.

**Page 9 of 10**
**William Shadell, et al. v. Cudd Pumping Services, Inc., et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB**
**Response to Rule 12(b)(6) Motion to Dismiss**

showed reckless disregard for whether their conduct was prohibited by statute.

## V. CONCLUSION

Plaintiffs have stated sufficient facts that, if taken as true, would give rise to a plausible inference that a violation of the FLSA has been committed by Defendants. The Complaint asserts facts supporting the *prima facie* elements of an FLSA claim against Defendants. Therefore, this Court must deny Defendants' Motion.

Respectfully submitted,

**PLAINTIFFS WILLIAM SHADELL and STEVEN SHISLER, Individually and on behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that a true and correct copy of the foregoing RESPONSE was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

David B. Jordan
1301 McKinney Street, Suite 1900
Houston, Texas 77010
djordan@littler.com
Saba H. Alvi
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201
salvi@littler.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 10 of 10
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Rule 12(b)(6) Motion to Dismiss