THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WILLIAM SHADELL and STEVEN SHISLER,**
Individually and on Behalf of All
Others Similarly Situated      **PLAINTIFFS**

vs.      No. 5:17-cv-133-FB

**CUDD PUMPING SERVICES, INC.; and
CUDD PRESSURE CONTROL, INC.;**
Each individually and collectively d/b/a
**CUDD ENERGY SERVICES**      **DEFENDANTS**

## RESPONSE TO MOTION TO COMPEL ARBITRATION

On April 5, 2017, Defendants Cudd Pumping Services, Inc,. and Cudd Pressure Control, Inc., each individually and collectively d/b/a Cudd Energy Services (hereinafter "Defendants") filed their Motion seeking to compel arbitration of the claims in this case brought by Plaintiff Steven Shisler (hereinafter "Plaintiff"). The right to act collectively is a fundamental, non-waivable, substantive right granted to employees under the National Labor Relations Act (NLRA) and Fair Labor Standards Act (FLSA). The arbitration agreement at issue purports to deny to Plaintiff this very right. Accordingly, the Court should hold the class action wavier of the arbitration agreement illegal, deny Defendants' request, and permit Plaintiff to continue the pursuit of his claims against Defendants on a collective basis.

Plaintiff acknowledges that the Fifth Circuit has held that class waivers do not inherently violate the NLRA or the FLSA. D.R. Horton, Inc. v. NLRB, 737 F.3d 344 (5th

Page 1 of 8
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Motion to Compel Arbitration

Cir. 2013); Carter v. Countrywide Credit Indus, 362 F.3d 294 (5th Cir. 2004). However, the reasoning of the Fifth Circuit is flawed, and courts are now recognizing that the purposes of laws protecting workers are being frustrated by outcomes like those of D.R. Horton. See Lewis v. Epic Sys. Corp., 823 F.3d 1147 (7th Cir. 2016), the Ninth Circuit's decision in Morris v. Ernst & Young, LLP, 2016 U.S. App. LEXIS 15638 (9th Cir. Aug. 22, 2016) and other recent district court decisions as set forth below.

A. Recent Rulings

The Federal Arbitration Act (FAA) requires that any written contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Lewis, 823 F.3d at 1156 (citing 9 U.S.C. § 2). According to the FAA's own terms, arbitration agreements "may be invalidated on any ground that would invalidate a contract under the FAA's 'savings clause.'" D.R. Horton, 737 F.3d at 358. Further, arbitration agreements may not be enforceable where another statute provides for a contrary congressional command. Id. Arbitration agreements are also unenforceable where they purport to waive a substantive right afforded by statute. Morris v. Ernst & Young, LLP, 2016 U.S. App. LEXIS 15638, *19–20, 25 (9th Cir. Aug. 22, 2016) ("In other words, parties can choose their forums, but they cannot contract away the basic guarantees of a federal statute."). Relying on these standards, recent court decisions have invalidated prohibitions on class actions contained in arbitration agreements where the FLSA and/or NLRA are invoked, as fully discussed below.

The Seventh Circuit has held that Section 7 of the NLRA provides for a

Page 2 of 8
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Motion to Compel Arbitration

substantive right to act collectively which cannot be waived. Lewis, 823 F.3d at 1160. Section 7 of the NLRA states that "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C.S. § 157 (LEXIS 2016). Section 8 further states that it "shall be an unfair labor practice for an employer...to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [Section 7]." Id. § 158(a)(1).

In Lewis, the Seventh Circuit noted that "other concerted activities" under the NLRA incudes "resort to administrative and judicial forums" and the filing of collective or class actions. 823 F.3d at 1152.[1] "This precedent is in line with the Supreme Court's rule recognizing that even when an employee acts alone, she may 'engage in concerted activities' where she 'intends to induce group activity' or 'acts as a representative of at least one other employee.'" Id. (citing NLRB v. City Disposal Systems, Inc., 465 U.S. 822, 831 (1984)). The right to concerted action is a substantive right that "lies at the heart of the restructuring of employer/employee relationships that Congress meant to achieve in the [NLRA]." Id. at 1160. Accordingly, the Lewis court held a class action waiver imbedded in an arbitration agreement signed by the employee to be unenforceable because it prohibited the very type of "concerted activities" protected by

---

[1] Citing Eastex, Inc. v. NLRB, 437 U.S. 556, 566 (1978) (collecting cases)); Brady v. Nat'l Football League, 644 F.3d 661, 673 (8th Cir. 2011) ("[A] lawsuit filed in good faith by a group of employees to achieve more favorable terms or conditions of employment is 'concerted activity' under § 7 of the National Labor Relations Act."); Altex Ready Mixed Concrete Corp. v. NLRB, 542 F.2d 295, 297 (5th Cir. 1976) (same); Leviton Mfg. Co. v. NLRB, 486 F.2d 686, 689 (1st Cir. 1973) (same); Mohave Elec. Co-op., Inc. v. NLRB, 206 F.3d 1183, 1189 (D.C. Cir. 2000) (single employee's filing of a judicial petition constituted "concerted action" under NLRA where "supported by fellow employees"); D. R. Horton, 357 N.L.R.B. No. 184, at *2 n.4).

**Page 3 of 8**
**William Shadell, et al. v. Cudd Pumping Services, Inc., et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB**
**Response to Motion to Compel Arbitration**

the NLRA. Id. at 1155.

In D.R. Horton, on the other hand, the Fifth Circuit found that the FAA trumps the NLRA because the NLRA and the FAA conflict and because the effect of requiring class arbitration procedures is to disfavor arbitration. D.R. Horton, 737 F.3d at 359–361. But as the Seventh Circuit stated, "[t]here are several problems with this logic." Lewis, 823 F.3d at 1158. "When two statutes are capable of co-existence...it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Id. at 1157 (citing Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 533 (1995) and Morton v. Mancari, 417 U.S. 535, 551 (1974)). "Implied repeal should be found only when there is an 'irreconcilable conflict' between the two federal statutes at issue." Id. (citing Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 381 (1996)).

No conflict exists between the NLRA and the FAA because the FAA contains a savings clause that says that "agreements to arbitrate 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Id. "Illegality is one of those grounds…and [b]ecause the provision at issue is unlawful under Section 7 of the NLRA, it is illegal, and meets the criteria of the FAA's saving clause for nonenforcement." Id. The right to enforce arbitration is not the same as a right to enforce a collective action waiver. Because the NLRA grants the substantive right of concerted action to employees, class action waivers are illegal under the NLRA.

To be sure, the NLRA does not disfavor arbitration. Id. at *1158 (explaining that "the NLRA is in fact *pro*-arbitration"). While often found in the same contract, arbitration

Page 4 of 8
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Motion to Compel Arbitration

and class waivers are two distinct concepts, and only arbitration is at issue under the FAA. See Id. at *1155; See also AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) ("The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms….subject, of course, to the saving clause…."). Nothing in the FAA requires courts to favor individualized enforcement of claims over class enforcement. Thus, the NLRA, which substantively favors an employee's right to engaged in "concerted action," controls on the subject of whether class action waivers are enforceable, regardless of whether they are found in an arbitration agreement or not. See Id. at 1158 ("The protection for collective action found in the NLRA…extends far beyond collective litigation or arbitration; it is a general principle that affects countless aspects of the employer/employee relationship.").

The Ninth Circuit has joined the Seventh Circuit in finding class action waivers in arbitration agreements to be unenforceable in the employment context based on the "concerted action" provisions of the NLRA. Morris, 2016 U.S. App. LEXIS 15638 at *13–16. Indeed, the Morris court noted that a requirement that employees arbitrate individually is the "very antithesis" of the NLRA's "substantive right to pursue concerted work-related legal claims." Id. at *13.

A First Circuit district court recently relied upon similar logic, finding an arbitration agreement that required individual arbitration violated the employees' substantive right to concerted action under the NLRA, rejecting the logic of D.R. Horton in favor of Lewis. Tigges v. AM Pizza, Inc., 2016 U.S. Dist. LEXIS 100366, *41–43 (D. Mass. Jul. 29, 2016). Tigges also pointed out that D.R. Horton was incorrect in its position that the NLRA conflicted with the FAA. Id. at *46. Noting that the FAA "does not place arbitration

Page 5 of 8
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Motion to Compel Arbitration

agreements on a 'pedestal' on which all other legal rights are to be sacrificed," but only ensures that arbitration agreements are placed on "equal footing" with all other contracts. Id. Since illegal promises would not be enforced in any contract, including arbitration agreements, there is no conflict between the FAA and the NLRA, which provides for a substantive right to concerted action. Id. at *47.

The Sixth Circuit is the most recent to weigh in, holding that the Fifth Circuit reached the incorrect conclusion by starting with the wrong question. NLRB v. Alt. Entm't, Inc., No. 16-1385, 2017 U.S. App. LEXIS 9272, at *15-16 (6th Cir. May 26, 2017). The Sixth Circuit affirmed the reasoning of the Lewis court, stating "[i]nstead of beginning by asking which statute trumps the other, it makes more sense to start by asking whether the statutes are compatible." Id. at *16. Because the FAA and the NLRA do not conflict, arbitration agreements prohibiting collective employment-related claims are "illegal pursuant to the NLRA and unenforceable pursuant to the FAA's saving clause." Id. at *22-23.

Based on the recent case law discussed above, the Fifth Circuit decisions in D.R. Horton v. NLRB and/or Carter v. Countrywide Credit Indus. should be overruled. This Court should determine that the NLRA provides for a substantive right to concerted action, and similarly the FLSA provides for a substantive right to proceed collectively. Accordingly, those rights may not be waived either through an arbitration agreement or through any other contract.

B. Application.

Turning to the current case, Paragraph 3 of the Mutual Agreement to Arbitrate Claims represents an illegal waiver of the substantive right to proceed collectively both

Page 6 of 8
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Motion to Compel Arbitration

under the NLRA and the FLSA. Paragraph 3 states as follows:

> Employee and EMPLOYER agree to bring any claim or dispute in arbitration on an individual basis only, and not as a class or collective action; Employee and EMPLOYER waive any right for a dispute or claim to be brought, heard or decided as a class or collective action, and the arbitrator has no power or authority to preside over a class or collective action ("Class Action Waiver").

ECF No. 6-1, p. 5, ¶ 3. This provision purports to prevent Plaintiff from bringing a class or collective action for unpaid overtime wages under the Fair Labor Standards Act. However, because Section 7 of the NLRA protects an employee's right to engage in concerted activity, which includes collective actions, and because collective actions under the FLSA are themselves a protected substantive right, the class waiver in this case should be declared as unenforceable. Since the waiver is unenforceable, Plaintiff's claims are subject to a non-jury trial in this Court.

C.  Conclusion.

For the reasons stated above, Defendants' Motion to Compel Arbitration should be denied and dismissed, and the parties must be allowed to proceed with this case.

**Page 7 of 8**
**William Shadell, et al. v. Cudd Pumping Services, Inc., et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB**
**Response to Motion to Compel Arbitration**

Respectfully submitted,

**PLAINTIFFS WILLIAM SHADELL
and STEVEN SHISLER, Individually
and on behalf of All Others Similarly
Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that a true and correct copy of the foregoing RESPONSE was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

David B. Jordan
1301 McKinney Street, Suite 1900
Houston, Texas 77010
djordan@littler.com
Saba H. Alvi
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201
salvi@littler.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 8 of 8
William Shadell, et al. v. Cudd Pumping Services, Inc., et al.
U.S.D.C. (W.D. Tex.) Case No. 5:17-cv-133-FB
Response to Motion to Compel Arbitration