## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **WILLIAM SHADELL and STEVEN SHISLER,** | § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **NO. 5:17-CV-00133-FB** |
| **CUDD PUMPING SERVICES, INC. and CUDD PRESSURE CONTROL, INC.,** | § § § | |
| **Defendants.** | § § § | |

## JOINT MOTION TO DISMISS WITH PREJUDICE

### I.
### INTRODUCTION

Plaintiffs William Shadell ("Shadell") and Steven Shisler ("Shisler") and Defendants Cudd Pumping Services, Inc. and Cudd Pressure Control, Inc. (collectively "Cudd") file this joint motion to dismiss with prejudice and respectfully show as follows:

On February 20, 2017, Plaintiffs filed this action against Cudd for alleged unpaid overtime under the Fair Labor Standards Act ("FLSA"). Shadell and Shisler are the only plaintiffs in this lawsuit. On April 5, 2017, Cudd filed a Motion to Dismiss and Compel Arbitration of Steven Shisler (Doc. 6) and a Rule 12(b)(6) Motion to Dismiss on the merits (Doc. 7). Central to this matter, Shisler and Cudd have a bona fide dispute as to whether Shisler is owed overtime. The parties stipulate they have reached an out of court settlement with respect to Shisler's claims in this lawsuit. The parties have agreed that Cudd does not owe Shadell overtime because his claims are outside the statute of limitations under the FLSA and Shadell has agreed to dismiss his claims in this lawsuit on these grounds.

## II.
## SHISLER'S CLAIMS SHOULD BE DISMISSED

The parties stipulate they have reached a private out-of-court settlement agreement with respect to Shisler's claims.  Generally, courts do not need to approve settlement agreements between an employer and current or former employees.  *See generally Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).  While some circuits require approval of FLSA settlement agreements, the Fifth Circuit has held that private settlement agreements between an employer and employee are enforceable even in the absence of court approval as long as the plaintiff was aware of his or her rights according to the FLSA and consulted with counsel prior to signing the settlement agreement.  *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 n.10 (5th Cir. 2012).  Where there is "little danger of employees being disadvantaged by unequal bargaining power" and there is a "bona fide dispute as to liability," the Fifth Circuit held that a private FLSA settlement under these circumstances is binding and enforceable without court approval.  *Id.* at 255-57.

Here, Shisler is represented by competent and experienced counsel, and the settlement agreement reflects a reasonable compromise over disputed issues, including a bona fide dispute as to whether Cudd owes Shisler overtime compensation and, if so, how much he is owed.  The parties agree that the settlement reached is a fair and reasonable compromise of the respective positions of each party.  Accordingly, entry of the Proposed Order will "secure the just, speedy and inexpensive determination" of this action.  *See* Fed. R. Civ. P. 1.  Accordingly, the parties jointly request that the Court dismiss Shisler's claims with prejudice.

## III.
## SHADELL'S CLAIMS SHOULD BE DISMISSED

Shadell has agreed to dismiss his claims because they are barred by the FLSA's statute of limitations.  *See* 29 U.S.C. § 255(a).  The Court may allow a dismissal with prejudice at a

plaintiff's request on the terms it determines are proper.  Fed. R. Civ. P. 41; *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985)(citing *La-Tex Supply Co. v. FrueHauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1985), *cert. denied*, 404 U.S. 942 (1971)).  The decision of a district court to grant or deny a motion to dismiss with prejudice according to Rule 41 is reviewed for abuse of discretion.  *Schwarz*, 767 F.2d at 129.

The parties agree that Shadell's last date of employment with Cudd was on or around April 16, 2013.  This lawsuit was filed on February 20, 2017, over three years after Shadell's last day worked.  Accordingly, Shadell does not have a cause of action under the FLSA and is not entitled to damages from Cudd.  *See* 29 U.S.C. § 255(a)("[A] cause of action … may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]").  Based on the statute of limitations, Shadell and Cudd jointly request that the Court dismiss Shadell's claims with prejudice.

## IV.
## CONCLUSION

Plaintiffs and Cudd jointly request that the Court dismiss all claims against Cudd with prejudice.  Except to the extent governed by settlement agreement, the parties will bear their own costs and fees.

Dated August 24, 2017                        Respectfully submitted,


/s/ *Josh Sanford (w/permission)*           /s/ *Saba H. Alvi*

Josh Sanford                                 David B. Jordan (Lead Counsel)
Texas State Bar No. 24077858                 Texas State Bar No. 24032603
Sanford Law Firm PLLC                        Federal ID No. 0040416
650 S. Shackleford, Suite 411                LITTLER MENDELSON, P.C.
Little Rock, AR 72211                        1301 McKinney Street, Suite 1900
501.221.0088 (Phone)                         Houston, TX 77010
888.787.2040 (Fax)                           713.951.9400 (Phone)
josh@sanfordlawfirm.com                      713.951.9212 (Fax)
                                             djordan@littler.com
**ATTORNEY FOR PLAINTIFFS**
                                             Saba H. Alvi
                                             Texas State Bar No. 24082324
                                             LITTLER MENDELSON, P.C.
                                             2001 Ross Avenue, Suite 1500
                                             Dallas, Texas 75201
                                             214.880.8197 (Phone)
                                             214.722.1476 (Fax)
                                             salvi.@littler.com

                                             **ATTORNEYS FOR DEFENDANTS**


Firmwide:148771475.1 083687.1008